

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON**

TRISH M. BROWN
BANKRUPTCY JUDGE

1001 S. W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

NANCY C. ANTAL
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

April 3, 2012

Jonathan W. Henderson
Davis Rothwell Earle & Xóchihua P.C.
111 SW 5th Avenue, Suite 2700
Portland OR 97204

Daniel Kiraz
17917 NE Wasco St.
Portland, OR 97230

      Re:    In re Daniel Kiraz, Case No. 11-35743-tmb7
                Sandra McLeod and Richard Corbett v. Daniel Kiraz,
                Adversary Proceeding No. 11-03294-tmb

Gentlemen:

      This matter came before the court on Plaintiffs' Motion for Relief from the Court's Order on Plaintiff's [sic] Motion for Summary Judgment. Plaintiffs, Sandra McLeod and Richard Corbett, ("Plaintiffs") were represented by Jonathan Henderson. Defendant, Daniel Kiraz, the debtor herein ("Defendant"), who is pro se, did not respond to the Motion for Relief from the Court's Order.

## FACTS

The following facts are undisputed.

      Prior to the bankruptcy filing, Plaintiffs and Defendant entered into a retail lease agreement pursuant to which Defendant leased certain real property from Plaintiffs. A disagreement arose over the lease and Defendant filed a state court action against Plaintiffs for breach of contract. In their response to the state court action Plaintiffs raised counterclaims against Defendant for breach contract, waste, and conversion. On June 2, 2011, following a bench trial, the trial court ruled in Plaintiffs favor on their waste and conversion claims, specifically detailing the amount of damages to which the state court believed Plaintiffs were entitled. At the close of the hearing the court judge stated that he was "prepared to sign the appropriate judgment" in accordance with the decision he had just rendered.

Jonathan W. Henderson
Daniel Kiraz
April 3, 2012
Page 2

On June 30, 2011, Defendant filed a voluntary Chapter 7 petition. On July 7, 2011 the Judge Steven L. Maurer, who had presided over the state court trial, signed a judgment in favor of Plaintiffs. That judgment was docketed on July 8, 2011.

In their motion for Summary Judgment, Plaintiffs contended that the issues raised in their nondischargeability complaint had been finally determined in the state court action and that Defendant was barred by the doctrine of res judicata from relitigating those issues. I denied Plaintiff's motion for Summary Judgment concluding that the state court judgment upon which Plaintiffs claim rested was signed and docketed while the automatic stay was in effect and was, therefore, void.

In their motion to reconsider, Plaintiffs argue that the "entry of the judgment was not in violation of the bankruptcy stay because it was merely a ministerial act." (Plfs' Mot. for Relief from the Ct's Order on Plfs' Mot. for Summ. J. 3).

Plaintiffs are correct in their assertion that ministerial acts are excepted from the application of the automatic stay. See In re Stewart, 2006 WL 4528532 (Bankr. D. Or. 2006).

> "This exception stems from the common-sense principal that a judicial 'proceeding' within the meaning of section 362(a) ends once a decision on the merits has been rendered. Ministerial acts or automatic occurrences that entail not deliberation, discretion, or judicial involvement do not constitute continuation of such a proceeding." Id. at 3.

> "[A] ministerial act is one that is essentially clerical in nature.... Thus when an official's duty is delineated by, say, a law or judicial decree with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial.... Such acts can usefully be visualized as the antithesis of judicial acts, inasmuch as the essence of a judicial act is the exercise of discretion or judgment...." Id.

> "Frequently, routine scrivening, such as recordation or entry on the docket, follows on the heels of a judicial decision. Such action— taken in obedience to the judge's peremptory instructions or otherwise defined and nondiscretionary—are ministerial and, consequently, do not themselves violate the automatic stay even if undertaken after an affected party files for bankruptcy." Id.

Under Oregon law, a judge rendering a judgment is required to file the judgment document with the court administrator. ORS 18.052(1). Upon receipt of the judgment document the court administrator is required to enter the judgment within 24 hours. ORS 18.075. Thus, entry of a judgment is non-discretionary and clearly a mere ministerial act. Unfortunately, this is not merely a case in which a prepetition judgment was entered by the court administrator

after the filing of the bankruptcy petition. In this case the judgment itself was not signed by the court until after the filing of the bankruptcy petition.

Plaintiffs urge this court to find that the state court's oral ruling, which occurred prepetition, ended the judicial deliberation such that any subsequent act by the judge, including signing the judgment, was a mere ministerial act. I am unwilling to do so. Until the final judgment was signed and delivered to the court administrator, the trial court judge retained the discretion to alter his oral ruling in any way he saw fit. Signing of the judgment was not, therefore, a ministerial act and was not excepted from the application of the automatic stay.

Plaintiffs did not and have not sought relief from the automatic stay to allow the state trial court to sign a judgment in the state court case. Accordingly, the state court judgment is void and is not entitled to be accorded full faith and credit in this court. I will, therefore, enter an order denying Plaintiffs' Motion for Relief from the Court's Order on Plaintiff's [sic] Motion for Summary Judgment.

Very truly yours,

Trish M. Brown